# Exhibit 2C

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

**DAVID NORTON & AKIKO NORTON,**
Plaintiffs,

v.

**RHODE ISLAND HOUSING AND MORTGAGE FINANCE CORPORATION,**
Defendant.

**CIVIL ACTION NO. 1:25-cv-00029-MSM-LDA**

# PLAINTIFFS' SUR-REPLY TO DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

## INTRODUCTION

Plaintiffs, David and Akiko Norton ("Plaintiffs"), submit this Sur-Reply to address new arguments raised by Rhode Island Housing and Mortgage Finance Corporation ("RI Housing") in its Reply in Support of its Motion to Dismiss (ECF No. 19).

Defendant's **entire defense hinges on misrepresenting** Plaintiffs' financial records and repeatedly asserting that Plaintiffs **financed the VA Funding Fee,** despite **clear documentary evidence proving otherwise.** However, Defendant's **focus on the VA Funding Fee is a deliberate distraction** to divert the Court's attention away from the **larger issue: escrow mismanagement, financial misallocation, and potential systemic misconduct.**

This Court should **reject Defendant's attempt to limit the scope of the case** to a single factual dispute while ignoring the broader implications of Defendant's **misuse of escrow funds, conflicting financial records, and evasive explanations** that have led to actual financial harm and emotional distress for Plaintiffs.

## ARGUMENT

### I. RI HOUSING SEEKS TO DEFLECT FROM THE REAL ISSUE: ESCROW MISMANAGEMENT AND MISALLOCATED FUNDS

Defendant's Reply fixates on whether Plaintiffs **financed the VA Funding Fee,** arguing that Plaintiffs' assertion that it was paid upfront is a "new" claim. However, this is a **misleading and**

**strategic deflection** from the **real issue**—Defendant's **mismanagement of Plaintiffs' escrow funds, improper fund transfers, and subsequent cover-up.**

Regardless of whether the VA Funding Fee was financed, **Defendant has yet to explain why $3,902.91 was deposited into Plaintiffs' escrow account at closing, remained there for a year, and was then removed and applied elsewhere under vague and shifting justifications.**

Defendant claims that the funds were simply **"advanced" and "misapplied,"** but has failed to provide:

- Any **documentary evidence** explaining why this specific amount was placed in escrow rather than applied to the VA Funding Fee directly.
- Any **internal communications or approvals** showing how and when the funds were "corrected."
- Any **legal authority or policy justification** for unilaterally moving borrower funds without clear notice or consent.

Instead of addressing these critical issues, **Defendant attempts to constrain the Court's focus to a single factual question about financing the VA Funding Fee.**

This is a **tactical maneuver** designed to:

1. **Minimize Defendant's exposure to liability** by keeping the Court focused on a narrow factual dispute.
2. **Avoid addressing broader escrow mismanagement issues** that could have far-reaching consequences beyond this case.
3. **Delay the case** by framing the dispute as a factual disagreement rather than a clear violation of financial and consumer protection laws.

This Court should reject Defendant's **attempt to sidestep its accountability for financial mismanagement** and instead focus on the **larger pattern of conduct and misuse of escrow funds** at the heart of Plaintiffs' claims.

## II. PLAINTIFFS' CLOSING DISCLOSURE (EXHIBIT 2B) IS THE SMOKING GUN THAT DEFENDANT CANNOT EXPLAIN

Defendant claims that **Exhibit 1**—which itemizes Plaintiffs' loan terms—proves that the VA Funding Fee was financed. **This is demonstrably false.**

- **Exhibit 2B (the Closing Disclosure) contradicts Defendant's claim entirely.**
- The loan amount is listed as **$318,937.00**, which **does not include** the VA Funding Fee.
- The VA Funding Fee is **not part of the loan amount** but instead listed separately under "Services Borrower Did Not Shop For"—confirming it was **paid upfront and not financed.**
- The "Closing Costs Financed" section of Exhibit 2B explicitly states **$0**, confirming that no part of the closing costs—including the VA Funding Fee—was financed.

By **intentionally misrepresenting** this document, Defendant is attempting to **rewrite financial records** to fit its narrative, rather than confronting the fact that its internal accounting practices have led to **misallocation of borrower funds.**

## III. DEFENDANT HAS CONTRADICTED ITSELF MULTIPLE TIMES, FURTHER EVIDENCING MISCONDUCT

Defendant has provided **multiple, conflicting explanations** for how Plaintiffs' escrow funds were handled:

1. **In CFPB correspondence, RI Housing stated that the VA Funding Fee was financed and that the funds "belong to RI Housing."**
2. **In Exhibit D (Loan Notes & Memos), RI Housing claims that the surplus was "discovered" a year later and needed to be "reallocated."**
3. **Now, in its Reply Brief, RI Housing states that the VA Funding Fee was financed and that Plaintiffs' claim otherwise is "new."**

These **contradictions reveal a pattern of deception,** not an innocent mistake. **If Defendant's financial records were accurate, there would be no need for shifting explanations, corrections, and deflections.**

## IV. PLAINTIFFS HAVE SUFFICIENTLY ALLEGED RESPA VIOLATIONS AND DAMAGES

Defendant argues that Plaintiffs have not alleged actual damages under RESPA. However, Plaintiffs have demonstrated that:

1. **Defendant mismanaged escrow funds, leading to financial uncertainty and harm.**
2. **Defendant provided conflicting and misleading information in response to Plaintiffs' Qualified Written Request (QWR).**
3. **Plaintiffs suffered financial harm and emotional distress as a result of this uncertainty.**

Under RESPA, damages **do not require direct monetary loss**; **financial uncertainty, emotional distress, and improper handling of escrow funds** are valid bases for relief. See *Marques v. Fitzgerald*, 99 F.3d 1, 7 (1st Cir. 1996) (recognizing emotional distress as actionable under certain circumstances).

## CONCLUSION

Defendant's **Reply is a calculated attempt to steer the Court away from the real issue—its mismanagement of escrow funds and financial misconduct.**

Defendant **deliberately misrepresents Exhibit 2B (Closing Disclosure)** and refuses to explain why **borrower funds were moved inappropriately over a year after closing.** Defendant's inconsistent explanations further suggest **a cover-up rather than a good-faith error.**

For these reasons, **Plaintiffs respectfully request that the Court deny Defendant's Motion to Dismiss in its entirety.**

**Respectfully submitted,**

David Norton
Akiko Norton
Plaintiffs, Pro Se

Date: March 6, 2025